Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: info@machatlaw.com

Attorneys for Plaintiffs
VAMPIRE BRANDS, LLC and
TI BEVERAGE GROUP, LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD, <br><br> Plaintiffs, <br><br> vs. <br><br> MERCURY BREWING AND DISTRIBUTION COMPANY, INC, SOMERVILLE BEER COMPANY, FROSTY KNUCKLE BREWING COMPANY, LLC and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV13-03568 -SVW (SKA) <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiffs VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD hereby alleges and asserts as follows:

## I.    JURISDICTION AND VENUE

1.    Plaintiffs bring this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

in violation of the Lanham Act.

2.      This action arises under the Trademark Laws of the United States, including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendants transact business in Los Angeles County, California, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## II.      THE PARTIES

3.      Plaintiff VAMPIRE BRANDS, LLC ("VAMPIRE BRANDS") is a Delaware Limited Liability Company.

4.      Plaintiff TI Beverage Group, Ltd. ("TI BEVERAGE GROUP") is a Delaware Corporation with its main business office located in Los Angeles County, California.  Plaintiff TI BEVERAGE GROUP does business as Vampire Vineyards.  Besides selling wine branded as VAMPIRE, TI BEVERAGE GROUP also sells a beer called VAMPIRE PALE ALE.

5.      Defendant MERCURY BREWING AND DISTRIBUTION AND COMPANY, INC ("MERCURY") is, upon information and belief, a Massachusetts Corporation based in Ipswich, Massachusetts.   Upon information and belief, Defendant MERCURY markets, manufactures and/or distributes beer and various other products throughout the United States (including California).   Defendant MERCURY sells beers and other beverages into California and has multiple distributors in California.

6.      Defendant FROSTY KNUCKLE BREWING COMPANY, LLC ("FROSTY KNUCKLE") is, upon information and belief, a Massachusetts

Corporation based in Rockport, Massachusetts. Upon information and belief, Defendant FROSTY KNUCKLE manufactures and distributes beer and various other products throughout the United States (including California). Defendant FROSTY KNUCKLE sells beer and other beverages into California and has multiple distributors in California.

7.     Defendant SOMMERVILLE BEER COMPANY upon information and belief does business as SOMERVILLE BREWING COMPANY and upon further information and belief is a company of unknown type based in Massachusetts selling its beer throughout the United States (including California.)

8.     Defendants have been selling and marketing a beer branded with the name VAMPIRE SLAYER.

9.     The true names and capacities, whether individual, corporate or otherwise of Doe Defendants 1 through 10 inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, each of the Defendants, including Doe Defendants 1 through 10, inclusive, were the agents, servants, employees or attorneys of their co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-Defendants.

## III.    FACTS GIVING RISE TO THIS ACTION

10.    Plaintiff TI BEVERAGE GROUP has been marketing both alcoholic

3

and non-alcoholic beverages using the following trademarks for many years, including: VAMPIRE (for wines – US Trademark Registration No. 2263907); VAMPIRE (for beer – US Trademark Registration No. 4242359); CHATEAU DU VAMPIRE (for wines – US Trademark Registration No. 3502158); VAMPIRE VINEYARDS (for wines – US Trademark Registration No. 3418138); VAMPYRE (for vodka – US Trademark Registration No. 3082097); DRACULA (for wine – US Trademark Registration No. 3319536); and DRACULA'S BLOOD (for wine- US Trademark Registration No. 4147206.

    a)    TI BEVERAGE GROUP is the exclusive licensee of VAMPIRE BRANDS, LLC, who is the Owner of these aforementioned marks. By virtue of its extended use in commerce, the aforementioned VAMPIRE and VAMPYRE registrations (2263907 and 3082097) have become incontestable.

    b)    All of the marks mentioned in this paragraph 10 sometimes are referred to herein as "Plaintiff's Family of Vampire Brands."

11.    Plaintiffs market its beverage brands under the following websites: www.vampire.com; www.vampirevineyards.com; www.vampyrevodka.com; and www.beer.vampire.com; amongst other websites.

12.    Unbeknownst to Plaintiffs until recently, defendants have been selling beer branded with the infringing name VAMPIRE SLAYER.

13.    Plaintiffs have spent substantial amounts of time and money building up, advertising, and promoting its beverage brands. By virtue of the popularity of its beverage brands, its advertising, promotion, and sales, plus the popularity of its websites, including vampire.com, Plaintiffs have built up and own extremely valuable goodwill which is symbolized by Plaintiffs' various marks.

14. Defendants' marketing, sales and distribution of beer bearing the mark VAMPIRE SLAYER is likely to cause confusion with and infringes upon Plaintiffs' Family of Vampire marks including its VAMPIRE WINE, VAMPIRE

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
453 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

VINEYARDS, DRACULA'S BLOOD, VAMPYRE VODKA, and of course VAMPIRE PALE ALE.

15.    If defendants are not stopped from marketing a beer branded as VAMPIRE SLAYER, it is likely that consumers will continue to become confused about the source and origin of Plaintiffs' products, and mistakenly conclude that Plaintiffs' products are produced by Defendants or vice versa that Plaintiffs produce Defendants' beer.

16.    If defendants are not stopped from marketing a beer under the name VAMPIRE SLAYER, it is likely that consumers will become confused about the source and origin of Plaintiffs' VAMPIRE PALE ALE, and mistakenly conclude that Plaintiffs' VAMPIRE PALE ALE is produced by Defendants.

## COUNT I –VIOLATION OF LANHAM ACT 15 U.S.C. §1114
### (Against All Defendants)

17.    Plaintiffs re-allege the allegations in paragraphs 1 though 16 as though set forth herein at length.

18.    Defendants' VAMPIRE SLAYER brand and trade dress so closely resembles Plaintiffs' VAMPIRE PALE ALE, that if defendants are permitted to continue to market and sell VAMPIRE SLAYER, the public will naturally assume it is a spin-off of Plaintiffs' family of Vampire Brands, and consumers will be confused as to the source of origin of defendants and Plaintiffs' beverages.

19.    Defendants, if allowed to distribute, market, promote, advertise, offer for sale, and sell its accused products, will cause consumers to believe that their VAMPIRE SLAYER beer originates from the same source as Plaintiffs' other products, such as its VAMPIRE WINE, VAMPYRE VODKA, DRACULA, or VAMPIRE PALE ALE and lead to irreparable harm to Plaintiffs' goodwill, reputation, and sales.

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

20.   Defendants' VAMPIRE SLAYER brand name so closely resembles Plaintiffs' trademarked brand names that the public is likely to be confused and deceived, and to assume erroneously that defendants' VAMPIRE SLAYER beer is that of Plaintiffs, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs' detriment and irreparable damage.

21.   Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs, nor have Plaintiffs approved or authorized any of the goods or services offered or sold by defendants.

22.   Plaintiffs have no control over the nature and quality of the goods and services offered and sold by defendants or its licensees.   Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiffs as being the believed source of said failure, neglect, or default, thereby hampering Plaintiffs' efforts to continue to protect its outstanding reputation and preventing Plaintiffs from further building its reputation.   Said failure, neglect, or default will result in loss of sales by Plaintiffs, and loss of value of Plaintiffs' considerable expenditures to promote its goods and services under its Vampire family of brands, all to the irreparable harm of Plaintiffs.

23.   Defendants have committed trademark infringement and trade dress infringement of Plaintiffs' trademarks by using Plaintiffs' VAMPIRE mark to sell beer by deceptively marketing their beer utilizing the name VAMPIRE SLAYER.

24.   Defendants have induced and enabled others to infringe Plaintiffs' trademarks and trade dress.

25.   Defendants have acted with bad intent and culpably in selecting using, and/or approving of the use of Plaintiffs' trademarks and trade dress in the distribution, marketing, promotion, advertisement, offering for sale, and/or sale of VAMPIRE SLAYER.

26.   Defendants have promoted, advertised, offered for sale, and/or sold, beverage products using the VAMPIRE SLAYER mark   through   persons   not

authorized, employed by, or associated in any way with Plaintiffs and have used the aforementioned trademarks as a false designation and false representation for beverage products.

27.   None of defendants' activities alleged in this complaint have been authorized by Plaintiffs, and such unauthorized use by Defendants of Plaintiffs' trademarks in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiffs' trademarks, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

28.   Upon information and belief, Defendants have acted with the unlawful purpose of:

    a.  Improperly taking advantage of the valuable goodwill belonging to Plaintiffs;

    b.  Soliciting Plaintiffs' customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, beverage products marketed under the VAMPIRE SLAYER name through persons not authorized by, employed by, or associated in any way with Plaintiffs;

    c.  Inducing others to infringe Plaintiffs' trademarks and trade dress; and

    d.  Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiffs to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs and its licensed trademarks and trade dress.

29.   Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

30.   If Defendants are allowed to continue marketing and selling the

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

accused products, Plaintiffs will be damaged as alleged in this complaint, and the Defendants will profit thereby.  Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiffs' business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

31.     Defendants' aforementioned acts and conduct are being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiffs have worked hard to develop.  Plaintiffs are therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiffs' attorneys' fees and costs.

32.     The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

33.     The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

## COUNT II
## VIOLATION OF LANHAM ACT 15 U.S.C. §1125
### (Against All Defendants)

34.     Plaintiffs repeat each allegation contained in paragraphs 1 through 33 as though set forth herein at length.

35.     Defendants have engaged in, and continue to engage in, the wrongful exploitation of the Vampire Family of trademarks and trade dress licensed to Plaintiffs.

36.     Defendants' goods are so closely related to Plaintiffs' goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their VAMPIRE SLAYER beer as packaged, advertised and promoted, is that of Plaintiffs, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiffs'

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

1  detriment and irreparable damage.

2      37.    Defendants are not affiliated with, connected with, endorsed by, or
3  sponsored by Plaintiffs.  Furthermore, Plaintiffs have not approved any of the
4  goods or services offered or sold by the Defendants.

5      38.    Defendants conduct as alleged herein is likely to cause confusion,
6  mistake and deceive the public as to the affiliation, connection, or association of
7  defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of
8  Defendants' VAMPIRE SLAYER beer by Plaintiffs.

9      39.    Defendants' aforesaid infringing conduct has been willful and
10 committed with an intent to ride on, and/or step on and demolish, the goodwill
11 Plaintiffs have worked hard to develop.  Defendants' aforesaid infringing conduct
12 has been willful and with knowledge that the sale, marketing, advertisement, and
13 promotion of their beer will damage the goodwill of and hurt the prospects of future
14 commercial success of Plaintiffs' VAMPIRE family of brands. Plaintiffs are
15 therefore entitled to treble damages arising therefrom, as well as reimbursement of
16 Plaintiffs' attorneys' fees and costs.

17                              **COUNT III**

18              **VIOLATION OF LANHAM ACT 15 U.S.C. §1125c**

19                          **(Against All Defendants)**

20     40.    Plaintiffs repeat each allegation contained in paragraphs 1 through 39
21 as though set forth herein at length.

22     41.    Plaintiffs' Vampire family of brands have appeared on The View,
23 Anderson Cooper, CNN Headline News, Entertainment tonight, MTV's Viva La
24 Bam, The Food Channel, A & E, and have been written up in widely circulated
25 magazines such as Star Magazine, Shape, Maxim, InStyle, Elle, Spin, Rolling
26 Stone, Marie Claire, Cosmo Girl, The Wine Enthusiast, and in regional newspapers
27 such as the LA Times, the NY Times, the Houston Chronicle, and others, and as
28 such have developed a fame all of their own catapulting the Vampire brand into the

category of a famous mark.

42.     Plaintiffs fear defendants' distribution, marketing, promotion, advertising, offering for sale, and sales of its accused products, will dilute and tarnish and otherwise damage the reputation of Plaintiffs' products. This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and sales.

43.     Defendants, if allowed to continue to distribute, market, promote, advertise, offer for sale, and sell its accused products to the public, will tarnish, dilute and otherwise damage the reputation of Plaintiffs' Vampire Pale Ale and Vampire Family of Brands.   This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and sales.

# COUNT IV

## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

44.     Plaintiffs repeat each allegation contained in paragraphs 1 through 43 as though set forth herein at length.

45.     Defendants have engaged in unfair competition perpetrated against Plaintiffs by reason of the conduct alleged herein.

46.     The unlawful and unfair conduct is injuring the goodwill of Plaintiffs.

47.     Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

48.     By this conduct, Plaintiffs have directly suffered injuries and each Defendant has been unjustly enriched.

49.     Plaintiffs are entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

50.     As a consequence of the unfair competition by Defendants, Plaintiffs

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

1   are suffering irreparable injury, by reason of which such conduct should be

2   enjoined.

3        51.    Plaintiffs are entitled to reasonable attorneys' fees.

4        52.    Plaintiffs are informed and believe, and on that basis allege, that the

5   aforementioned conduct of Defendants is willful, oppressive, fraudulent, and

6   malicious, and Plaintiffs are therefore entitled to punitive damages.

7   **COUNT V**

8   **UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS &**

9   **PROFESSIONS CODE §§ 17500 et seq.**

10

11        53.    Plaintiffs repeat each allegation contained in paragraphs 1 through 52

12   as though set forth here at length.

13        54.    Defendants' use of the trade name and trademark VAMPIRE

14   SLAYER, which misrepresents the nature, characteristics, identity, and source or

15   sponsorship of Defendants' goods, constitutes aiding and abetting liability for

16   deceptive, untrue, and misleading advertising and therefore constitutes a violation

17   of, inter alia, California Business and Professions Code §§17500 et seq. and

18   California common law.

19        55.    Defendants' uses of the trademark and trade dress VAMPIRE

20   SLAYER are likely to deceive and will continue to deceive the consuming public.

21   Defendants knew, recklessly disregarded, or reasonably should have known that

22   such packaging, advertising, marketing, and promotion was untrue and/or

23   misleading.

24        56.    As a result of the conduct described above, Defendants have been

25   and/or will be unjustly enriched at the expense of Plaintiffs and the general public.

26   The interests of the general public and Plaintiffs are, therefore, closely related.

27        57.    If not enjoined, Defendants will be unjustly enriched, among other

28   things, by the receipt of sales revenues from consumers who mistakenly think that

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

they are purchasing Plaintiffs' VAMPIRE FAMILY of branded beverage-alcohol products, both in California and throughout the world, but instead would be purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

58.    Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, manufacture, distribute, market, promote, advertise, offer for sale, and sell, Defendants' VAMPIRE SLAYER products which falsely advertise or conduct business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein.   Plaintiffs additionally request an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    That the Court adjudge and decree that Defendants have falsely designated the origin of certain beverage products as those of Plaintiffs, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiffs at common law and in violation of the above referenced statutes.

2.    That the Court adjudge and decree that Defendants have infringed Plaintiffs' registered trademarks including VAMPIRE, VAMPYRE, VAMPIRE

MACHAT & ASSOCIATES, P. C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

VINEYARDS, CHATEAU DU VAMPIRE, DRACULA and others.

3.     That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

  a.  Using VAMPIRE, or any other word or words which are similar to, or a colorable imitation of, Plaintiffs' trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories;

  b.  Selling, offering to sell, marketing, distributing, advertising and/or promoting any BEVERAGE product with the word VAMPIRE displayed on the product, its packaging, advertising or promotional materials;

  c.  Representing directly or indirectly by words or conduct that any beverage product or beverage accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs;

  d.  Aiding or abetting in unfair competition against Plaintiffs;

  e.  Aiding or abetting in false advertising; and

  f.  Inducing others to engage in any of these aforementioned acts.

4.     That the Court order that Defendants' ill-gotten gains and all sales proceeds wrongfully acquired by Defendants by means of Defendants wrongful use of Plaintiffs' trademarks and their support of such acts of unfair competition and false advertising be turned over to Plaintiffs along with interest.

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

5.     That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiffs' lost profits, whichever is greater.

6.     That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

7.     That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiffs.

8.     That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

9.     That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs, in their discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,
MACHAT & ASSOCIATES, P.C.

Dated: May ___, 2013          By: _____
                                   Michael Machat, Esq.
                                   Attorney for Plaintiffs
                                   VAMPIRE BRANDS, LLC and
                                   TI BEVERAGE GROUP, LTD.

14

## __DEMAND FOR JURY TRIAL__

Plaintiffs  hereby request a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: May 16, 2013          By:

Michael Machat, Esq.

Attorneys for Plaintiffs
VAMPIRE BRANDS, LLC and
TI BEVERAGE GROUP, LTD.

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 3568 SVW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Michael Machat
Machat & Associates, P.C.
433 N. Camden Drive, Suite 730
Beverly Hills, CA 90210
Tel: (310) 860-1833

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD.<br><br>PLAINTIFF(S)<br>v.<br>MERCURY BREWING AND DISTRIBUTION COMPANY, INC, SOMERVILLE BEER COMPANY, FROSTY KNUCKLE BREWING COMPANY, LLC and DOES 1-10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-03568-SVW/SH(x)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Michael Machat _____, whose address is 433 N. Camden Drive, Suite 730, Beverly Hills, CA 90210 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 17 2013__               By: _____
                                              Deputy Clerk

                                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

MERCURY BREWING AND DISTRIBUTION COMPANY, INC, SOMERVILLE BEER COMPANY, FROSTY KNUCKLE BREWING COMPANY, LLC and DOES 1-10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael Machat
Machat & Associates, P.C.
433 N. Camden Drive, Suite 730
Beverly Hills, CA 90210 -- Tel: (310) 860-1833

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1114 and 1125

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-03568**

---

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MASSACHUSETTS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |